UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILIPPE DUAY, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-10-cv-1454 |
| | § | |
| CONTINENTAL AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendant's, Continental Airlines, Inc. ("Continental"), motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 10). The plaintiff, Philippe Duay ("Duay"), has filed a response in opposition to Continental's motion to dismiss (Dkt. No. 11), and Continental has filed a reply in support of its motion (Dkt. No. 12). After having considered the parties' written submissions, the pleadings, and the applicable law, the Court is of the opinion that Continental's motion to dismiss should be GRANTED.

### II.   FACTUAL BACKGROUND

The following factual background is derived largely from Duay's complaint. Duay, a Swiss citizen, is a paraplegic who travels with a custom-fitted wheelchair. On December 2, 2007, Duay arrived in Dallas on an international Continental flight while en route from Geneva, Switzerland to Las Vegas, Nevada. During the flight, he entrusted his wheelchair to Continental's staff. Upon retrieving his wheelchair at baggage claim in Dallas,[1] Duay found it damaged and unusable. After being notified of the damage sustained to his wheelchair,

---

[1] Continental asserts that Duay's petition incorrectly alleges that he flew from Geneva, Switzerland to Dallas, Texas. Instead, it avers that Duay's flight traveled from Geneva, Switzerland, through Newark, New Jersey, en route to its final destination of Las Vegas, Nevada.

Continental provided Duay with a replacement wheelchair for use for the remainder of his trip. Duay, nevertheless, contends that the replacement wheelchair did not fit his body properly and caused him skin irritation.

On December 17, 2007, after having returned to Switzerland, Duay attended a doctor's appointment. Upon examination, he learned that he had sustained a skin irritation injury that would ultimately require hospitalization and surgery. For several months thereafter, Duay endured treatment for left side sacaral and preineal-ischiatic scabs. In June of 2008, he underwent surgery to treat his injuries. Despite surgery, Duay contends that he continues to suffer from a recurring perineal scab.

On December 18, 2009, he instituted the instant action against Continental in the 234th Judicial District Court of Harris County, Texas, identified as Cause No. 2009-80396. In his First Amended Petition, Duay alleges that Continental's ill-fitting replacement wheelchair caused his skin irritation and ultimate injury. As a consequence, he alleges claims against Continental for negligence, bailment, and breach of contract. He also seeks to recover damages for: past and future physical pain and mental anguish; past and future medical expenses; lost wages; injury to personal property; past and future physical impairment and disability; attorneys' fees; and court costs.

On April 28, 2010, Continental timely removed the state-court action to this Court pursuant to 28 U.S.C. § 1441, asserting that Duay's claims are preempted by the Montreal Convention and that this Court has original jurisdiction over such claims pursuant to 28 U.S.C. § 1331. Continental now moves to dismiss Duay's action for failure to state a claim.

### III.     CONTENTIONS OF THE PARTIES

#### A.     Continental's Contentions

Continental contends that Duay's claims are barred by the Montreal Convention's two-year statute of limitations. It also argues that Duay cannot avail himself of the Texas discovery rule because the Montreal Convention specifically defines when a cause of action accrues. Continental further asserts that the discovery rule is inapplicable to Duay's case because his injury was not inherently indiscoverable. Finally, Continental avers that even if the discovery rule is applicable in this case, Duay's claims are barred by the two-year limitations period because he filed his lawsuit more than two years after discovering his injuries. Accordingly, Continental argues that Duay's lawsuit should be dismissed for failure to state a claim.

#### B.     Duay's Contentions

Duay argues that Continental's motion to dismiss must be denied. Although he acknowledges that the Montreal Convention's two-year limitations period governs this lawsuit, he, nevertheless, argues that the method of calculating the limitations period is determined by Texas law. Thus, he contends that the Texas discovery rule tolled the accrual of the limitations period on his claims until the time he visited his doctor and discovered his injuries. He further asserts that under Texas law, the specific day on which a cause of action accrues is not included in computing the applicable limitations period. As a consequence, he avers that he timely filed his lawsuit within the Montreal Convention's two-year limitations period.

### IV.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in

a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ---U.S. ----, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the

pleader is entitled to relief.'" *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail.  *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V.     ANALYSIS AND DISCUSSION

Continental moves to dismiss Duay's suit on grounds that the two-year limitations period contained in Article 35(1) of the Montreal Convention acts as a strict condition precedent to his lawsuit.  As such, it contends that because Duay's flight arrived in Dallas on December 2, 2007, and he filed his complaint in state court on December 18, 2009, his lawsuit is time-barred.  Duay, in contrast, argues that his claims are not time-barred because Article 35(2) of the Convention permits tolling in accordance with Texas law and the Texas discovery rule operated to toll the statute of limitations on his claim.

In this case, both parties concede that Duay's claim is governed by the Montreal Convention and that it acts as Duay's sole remedy.[2]  The Montreal Convention governs "all international carriage of persons, baggage and cargo performed by aircraft for reward."  Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, Art. 1(1), 1999 WL 33292734 [hereinafter "Montreal Convention"].  It provides the exclusive remedy for international passengers seeking damages against their airline carriers.  *Bassam v. Am. Airlines, Inc.*, No. 07-30958, 2008 WL 2725228, *2 (5th Cir.

---

[2] Continental argues that Duay's claim relates to damage to cargo during carriage by air and falls directly under the scope of Article 18 of the Montreal Convention.  Duay, in his response, does not dispute that his claims are governed exclusively by the Montreal Convention.  *See Kruger v. United Airlines, Inc.*, 481 F. Supp.2d 1005, 1008 (N.D. Cal. 2007) (holding the Montreal Convention the express basis for suit where it applies).

July 14, 2008). For purposes of the instant discussion, only four articles of the Montreal Convention are pertinent. Article 17 sets forth the conditions for imposing liability upon an airline carrier for accidental death or bodily injury to passengers and loss or damage to checked baggage. Montreal Convention, art. 17. Article 17(1) provides that a "carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." *Id.* Article 17(2) provides that a "carrier is liable for damage sustained in [the] case of destruction or loss of, or of damage to, checked baggage upon condition only that the event which caused the destruction, loss or damage took place on board the aircraft or during any period within which the checked baggage was in the charge of the carrier." *Id.* Article 18 delineates the conditions for imposing liability upon an airline carrier in the event of damage to cargo. It provides, in relevant part, that an airline "carrier is liable for damage sustained in the event of the destruction or loss of, or damage to, cargo upon condition only that the event which caused the damage so sustained took place during the carriage by air." Montreal Convention, art. 18(1).

Additionally, Article 29 of the Montreal Convention, entitled "Basis of Claims," outlines the parameters under which a claim for damages against an airline carrier may be initiated. It provides:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, *can only be brought subject to the conditions and such limits of liability as are set out in this Convention* without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

Montreal Convention, art. 29 (emphasis added). Article 35 of the Montreal Convention, entitled "Limitation of Actions," further provides as follows:

> (1) The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ough[t] to have arrived, or from the date on which the carriage stopped.
>
> (2) The method of calculating that period shall be determined by the law of the court seised of the case.

*Id.*, art. 35. Thus, the Montreal Convention expressly indicates that a two-year limitations period governs all applicable claims for damages and accrues on the date of a plane's arrival at its destination or the date on which the aircraft ought to have arrived. *Id.*, art. 35(1). Because the flight on which Duay alleges his wheelchair was damaged arrived in Las Vegas on December 2, 2007, and Duay's lawsuit was not filed until December 18, 2009, his suit, on its face, appears time-barred.

Duay insists, nevertheless, that pursuant to Article 35(2) of the Montreal Convention, the Texas discovery rule[3] applied to toll the limitations period with respect to his claims until he discovered his injuries during his doctor's visit in Switzerland. Continental, in opposition, argues that the discovery rule is inapplicable in cases, where, such as here, the statute clearly prescribes when a cause of action accrues. Hence, it asserts that because the Montreal Convention clearly defines when Duay's cause of action accrued, the discovery rule is inapplicable. The Court finds Continental's argument in this regard persuasive for various reasons.

---

[3] "The discovery rule is a judicially constructed test which is used to determine when a plaintiff's cause of action accrued." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) (citing *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex. 1977)). "When applied, the rule operates to toll the running of period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury." *Id.* at 348 (citing *Weaver*, 561 S.W.2d at 793-94). The Texas Supreme Court has typically applied the discovery rule to cases in which the accrual of the statute of limitations period for a given cause of action was left undefined. *Id.* at 351.

First, to subject the provisions contained in the Montreal Convention to the various tolling provisions of the member states would be contrary to the unambiguous policy goals of both the Warsaw and Montreal Conventions.[4]  *Mbaba v. Societe Air France*, 457 F.3d 496, 497 (5th Cir. 2006) (citing *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155, 169, 119 S. Ct. 662, 142 L. Ed.2d 576 (1999) ("The 'cardinal purpose' of the Warsaw Convention is 'to achieve uniformity of rules governing claims arising from international air transportation.'")); *see also Kahn v. Trans World Airlines, Inc.*, 443 N.Y.S.2d 79, 87 (2d Dep't 1981) ("it is abundantly clear that the delegates to the Warsaw Convention expressly desired to remove those actions governed by the Convention from the uncertainty which would attach were they to be subjected to the various tolling provisions of the laws of the member states, and that the two-year time limitation specified in article 29 was intended to be absolute-barring any action which had not been commenced within the two-year period.").  "Almost every court that has reviewed the drafting minutes of the [Warsaw] Convention . . . has rejected the contention that Article 29(2) incorporates the tolling provisions otherwise applicable in [a] forum state." *Fishman by Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 144 (2nd Cir. 1998) (citing *Castro v. Hinson*, 959 F. Supp. 160, 163 (E.D.N.Y. 1997); *Fishman v. Delta Air Lines, Inc.*, 938 F. Supp. 228, 230 (S.D.N.Y. 1996); *Royal Ins. Co. v. Emery Air Freight Corp.*, 834 F. Supp. 633, 636 (S.D.N.Y. 1993); *Kahn*, 443 N.Y.S.2d at 87; *see also Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1154 (8th Cir. 1999).

---

[4] Since its inception on November 4, 2003, few courts have addressed Article 35 of the Montreal Convention.  Thus, in interpreting the Montreal Convention, courts have relied heavily on case law interpreting its predecessor, the Warsaw Convention.  *See Onwuteaka v. Nw. Airlines, Inc.*, No. H-07-0363, 2007 WL 1406419, *1 n.2 (S.D. Tex. May 10, 2007).  Article 29 of the Warsaw Convention is identical to Article 35 of the Montreal Convention.  *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934)  [hereinafter "Warsaw Convention"].

In fact, the drafting minutes denote that the Warsaw Convention's drafters "specifically considered and rejected a proposal that would have allowed for the tolling rules of each forum to be applied." *McCaskey v. Cont'l Airlines, Inc.*, 159 F. Supp.2d 562, 581 - 82 (S.D. Tex. 2001) (citing *Fishman*, 132 F.3d at 144); *see also Data Gen. Corp. v. Air Exp. Int'l. Co.*, 676 F. Supp. 538, 540 (S.D.N.Y. 1988) (citing R.C. Horner and D. Legrez, Minutes of the Second International Conference on Private Aeronautical Law, 110-113 (1975)). Courts reviewing the draft minutes have found that the purpose of rejecting tolling according to state law was "to remove those actions governed by the Convention from the uncertainty which would attach were they to be subjected to the various tolling provisions of the laws of the member states." *Fishman*, 132 F.3d at 144 (citing *Kahn*, 443 N.Y.S.2d at 87); *see also McCaskey*, 159 F. Supp.2d at 581 - 82. Thus, the law of the forum state is applied solely to determine "whether a plaintiff has taken the necessary steps to invoke the forum court's jurisdiction within two-years." *Id.* at 582 (citing *Castro*, 959 F. Supp. at 163); *see also Royal Ins. Co.*, 834 F. Supp. at 636; *Kahn*, 443 N.Y.S.2d at 87.

A small minority of cases, however, have interpreted Article 29(2) of the Warsaw Convention as permitting the forum court to toll the two-year limitations period in accordance with state law. *See Halmos v. Pan Am. World Airways, Inc.*, 727 F. Supp. 122, 123 (S.D.N.Y.1989); *Joseph v. Syrian Arab Airlines*, 88 F.R.D. 530, 532 (S.D.N.Y. 1980); *Flanagan v. McDonnell Douglas Corp.*, 428 F. Supp. 770, 776 (C.D. Cal. 1977); *see also Royal Ins. Co.*, 834 F. Supp. at 635 (reasoning that the "method of calculating" language "could be interpreted as allowing local statute of limitations to modify the two-limitations contained in Article 29(1)"). Those cases, save *Flanagan*, the sole case on which Duay relies for support, have been effectively overruled. *Flanagan v. McDonnell Douglas Corp.*, 428 F. Supp. 770, 775 - 76 (C.D.

Case 4:10-cv-01454   Document 13   Filed in TXSD on 12/21/10   Page 10 of 11

Cal. 1977). *Flanagan*'s holding has also been criticized by various courts on a number of grounds. *See, e.g., Motorola, Inc. v. MSAS Cargo Intern., Inc.*, 42 F. Supp.2d 952, 956 n. 3 (N.D. Cal. 1998) (noting that the *Flanagan* court ignored the draft minutes of the Warsaw Convention); *Royal Ins. Co. v. Emery Air Freight Corp.*, 834 F. Supp. 633, 636 (S.D.N.Y. 1993) (finding *Flanagan* unconvincing "because it sacrifices the unambiguous legislative history of an international treaty in favor of a few general goals of statutes of limitations"); *see also McCaskey*, 159 F. Supp.2d at 581 n. 27 (recognizing that *Flanagan* has been criticized due to its failure to examine the Convention's draft minutes). Likewise, in light of the unambiguous policy goals of the Montreal Convention, this Court follows the majority of courts and finds Duay's reliance on *Flanagan* unpersuasive.

Second, the Texas Supreme Court has held the discovery rule inapplicable to cases in which the accrual of the limitations period for a cause of action is specifically defined by law. *Moreno*, 787 S.W.2d at 351-52. *See also Stiles v. Union Carbide Corp.*, 520 F. Supp. 865, 867 (S.D. Tex. 1981) ("When the legislature has clearly and unequivocally prescribed that a cause of action accrues on the occurrence of a specified event, the courts have neither the necessity nor the authority to invoke the discovery rule"); *W.L. Pickens Grandchildren's Joint Venture v. DOH Oil Co.*, 281 S.W.3d 115, 122 (Tex. App.—El Paso 2008, pet. denied). Here, Article 35 of the Montreal Convention specifically defines the accrual of the limitations period, stating that the two-year limitations period is "reckoned from the date of [the aircraft's] arrival at the destination." Montreal Convention, art. 35(1). Because the Montreal Convention unequivocally prescribes the date of accrual of the limitations period for Duay's cause of action, Duay cannot avail himself of the Texas discovery rule. Hence, in light of the overwhelming weight of authority against tolling the Montreal Convention's two-year limitations period and the

Convention's unambiguous policy goals, the Court finds Duay's suit time-barred.[5] *See Dickson v. Am. Airlines, Inc.*, 685 F. Supp.2d 623, 627 (N.D. Tex. 2010) ("The language of the [Montreal] Convention could not make any plainer that one of the conditions for the existence of an action under the Convention for damages is that it be brought within a period of two years. . . . This leaves no room for the application of a tolling theory, class action or otherwise, designed to overcome the two-year condition precedent.") Since this Court determines dismissal to be appropriate, it need not consider Continental's alternative grounds for dismissal.

VI.   **CONCLUSION**

Based on the foregoing discussion, Continental's motion to dismiss is GRANTED.

It is so **ORDERED**.

SIGNED at Houston, Texas this 21st day of December, 2010.

_____
Kenneth M. Hoyt
United States District Judge

---

[5] The Court is not persuaded by Duay's attempt to distinguish the *Dickson* case from the case at bar. In *Dickson*, the court noted that "[the language of the Montreal Convention] leaves no room for the application of a tolling theory, class action or otherwise, designed to overcome the two-year condition precedent [to bringing suit]." *Dickson*, 685 F. Supp.2d at 627. Consequently, Duay's argument that *Dickson* is distinguishable from his case because it relates to class-action tolling is inapposite; the *Dickson* court made clear its view that the statute of limitations for a claim under the Montreal Convention could not be tolled under any circumstances.